IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
                  Plaintiff,    )
                                )
vs.                             )       Case Number CR-03-23-C
                                )                  CIV-06-1362-C
DERRICK CARL WILLIAMS,          )
                                )
                  Defendant.    )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.[*] At the direction of the Court, Plaintiff filed a response and this matter is now at issue.

Defendant argues that he was unlawfully arrested, not given Miranda warnings, subjected to an unconstitutional search and seizure, and that his attorney was ineffective for failing to raise any of these issues. In response, Plaintiff argues that Defendant's motion is untimely and is foreclosed by the waiver executed as part of the Plea Agreement. In support of its position, Plaintiff has provided a copy of the Plea Agreement which includes the waiver.

It is clear that Defendant's motion is untimely. As the Court noted in its January 4, 2007, Order, Defendant's conviction was final on April 23, 2004. The present motion was not filed until December 12, 2006, nearly 20 months out of time. The Court's January 4,

---

[*] Although Defendant's pleading is entitled "Petition for Writ of Habeas Corpus" it is clear based on his status as a federal prisoner and the nature of the relief sought that Defendant's pleading is properly construed as brought pursuant to 28 U.S.C. § 2255.

2007, Order directed Defendant to provide evidence demonstrating that the equitable tolling doctrine should apply to excuse the tardiness.  Although Defendant filed a response to the Order, nothing in that document provides a basis for application of the equitable tolling doctrine.  Consequently, Defendant's motion may be denied as untimely.

In addition to the timeliness issue, Defendant's motion must fail for an additional reason.  After review of the materials before it, the Court finds Defendant's motion is barred by the terms of the Plea Agreement.  As part of the Plea Agreement, Defendant agreed to give up any right to appeal or collaterally challenge his "guilty plea and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues."  (Dkt. No. 63, Exh. 1, p. 6).  Defendant's present challenge is within the scope of the waiver.  See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir 2004) ("The first prong of the analysis requires the court to determine if the disputed appeal falls within the scope of the appellate waiver.").  The issues Defendant presses in his motion are the type of pretrial issues governed by the terms of the waiver.  Turning to the second Hahn prong, whether the waiver was knowing and voluntary, the Court finds it is likewise met as Defendant's statements in the Petition to Enter Plea of Guilty provide ample evidence the plea was knowingly and voluntarily entered.  Id. ("The second prong of the analysis requires the court to ascertain whether the defendant knowingly and voluntarily waived his appellate rights.").  Finally, the third prong of Hahn considers whether enforcing the waiver will result in a miscarriage of justice.  Id. at 1327.  As noted, Defendant's habeas motion raises only pretrial Fourth and Fifth Amendment issues as

2

grounds for relief.  Nothing therein suggests that his counsel was ineffective and that ineffectiveness led to the guilty plea.  However, in responding to the Court's Order to demonstrate equitable tolling should apply, Defendant raises an argument that read broadly suggests that his counsel's ineffectiveness convinced him to accept a plea agreement.  Of course this assertion is directly contradictory to Defendant's statement in the Petition to Enter Plea of Guilty wherein he asserts the voluntary nature of the guilty plea and that the plea was made because he did the acts charged.  (See Dkt. No. 63, Exh. 2, p. 7).  Nevertheless, considering Defendant's pro se status, the Court will consider the issue as raised.  The Tenth Circuit has set forth the standard to measure Defendant's argument:

> To prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance.  In the context of a guilty plea, this requires defendant to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial."  Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation omitted), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002).  Further, defendant's "mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief.  Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial."  Id. (citation omitted).  Specifically, while defendant is not required to prove a reasonable probability that, but for counsel's mistakes, he would have prevailed at trial, the assessment of whether he would have changed his plea depends in large part on a prediction of whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors.  See id. at 1074-75.

3

United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002). Defendant offers no evidence or argument to meet his obligation. Thus, there is no evidence suggesting that enforcing the waiver and denying the present motion will result in a miscarriage of justice. Thus, the waiver applies and because Defendant has failed to offer any argument that the exceptions to that waiver should apply, his § 2255 motion is barred.

Defendant did not request an evidentiary hearing, and the Court finds one unnecessary because resolution of his arguments is possible on the existing record. See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996)).

## CONCLUSION

As set forth more fully herein, Defendant's claims are untimely and/or barred by the terms of the waiver included in the Plea Agreement. Accordingly, Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 54), is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 14th day of March, 2007.

ROBIN J. CAUTHRON
United States District Judge